UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

RAPHAEL GEORGE RAYFORD,
    Plaintiff,

v.

W. BLAIR, et al.,
    Defendants.

Case No. 14-cv-03660-VC

**ORDER RECOGNIZING TWO COGNIZABLE CLAIMS AND DISMISSING OTHER CLAIMS WITH LEAVE TO AMEND**

Raphael George Rayford, an inmate at Salinas Valley State Prison proceeding *pro se*, filed a civil rights complaint pursuant to 42 U.S.C. § 1983 against officers of the prison. Rayford has filed a motion for leave to proceed in forma pauperis, which is granted in a separate order. The Court now addresses the claims asserted in Rayford's complaint.

## DISCUSSION

### I.  Standard of Review

A federal court must screen any case in which a prisoner seeks redress from a governmental entity, or officer or employee of a governmental entity, to identify any cognizable claims and dismiss any that: (1) are frivolous or malicious; (2) fail to state a claim upon which relief may be granted; or (3) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(a). *Pro se* pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

Liability may be imposed on an individual defendant under 42 U.S.C. § 1983 if the plaintiff can show that the defendant's actions both actually and proximately caused the deprivation of a federally protected right. *Lemire v. California Dep't of Corrections &*

*Rehabilitation*, 726 F.3d 1062, 1074 (9th Cir. 2013); *Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988).  A person deprives another of a constitutional right within the meaning of section 1983 if he does an affirmative act, participates in another's affirmative act or fails to perform an act which he is legally required to do, that causes the deprivation of which the plaintiff complains.  *Leer*, 844 F.2d at 633.

## II.   Rayford's Allegations

Rayford's complaint alleges the following:

On November 17, 2013, Rayford was involved in a dispute about television volume in the day room, which attracted the attention of Correctional Officers W. Blair and M. Espinosa, who walked over to Rayford's cell.  Blair opened the food port to Rayford's cell and ordered Espinosa to pepper spray Rayford.  Espinosa followed Blair's order and pepper sprayed Rayford and the legal work on which Rayford had been working.  Officer E. Munoz, who was stationed in the control tower booth overseeing the cells, acted as a lookout during the pepper-spray incident and kept the doors to the unit locked until it was over.  After the incident, Espinosa activated his alarm.  Other individuals escorted Rayford to a cell in another area.  Rayford was not allowed to decontaminate until the following day.  Rayford received his legal property, with the exception of the documents pertaining to his case involving a previous pepper-spray incident.  Blair, Espinosa and Munoz sprayed Rayford in retaliation for filing complaints against other prison staff.

As a result of this attack, Rayford experienced burning in his eyes, genitals and face for several hours and his skin was irritated for two days.  He was also diagnosed with post-traumatic stress disorder and is currently under psychiatric care.

After the pepper-spray incident, Blair, Espinosa and Munoz wrote a false incident report about Rayford.  Rayford was waiting to be re-sentenced and released pursuant to a new state rule, but because the defendants filed a false report against him, he is unlikely to qualify for release under that new rule.  Also, because of the false rules violation report, Rayford has been placed into administrative segregation for two years.

## III.   Rayford's Claims

Based on these allegations, Plaintiff asserts claims of retaliation, excessive force, falsifying

2

his rules violation report, and violation of his rights to equal protection and due process.

Liberally construed, the pleadings appear to state a cognizable Eighth Amendment excessive force claim against Blair, Espinosa and Munoz. *See Hudson v. McMillian*, 503 U.S. 1, 6 (1992) (Eighth Amendment protects inmates from unnecessary and wanton infliction of pain). Liberally construed, the complaint appears to state cognizable First Amendment retaliation claims against the defendants for physically abusing Rayford and for filing false reports against him in retaliation for his filing complaints against other prison personnel. *See Rhodes v. Robinson,* 408 F.3d 559, 567-68 (9th Cir. 2005) (footnote omitted) (an inmate may state a First Amendment retaliation claim by alleging that a state actor took some adverse action against the inmate because of that inmate's protected conduct, that such action chilled the inmate's exercise of his First Amendment rights, and that the action did not reasonably advance a legitimate correctional goal); *see also Sprouse v. Babcock*, 870 F.2d 450, 452 (9th Cir. 1989) (a retaliation claim based on allegations of falsifying reports may state a cognizable claim). The complaint contains no allegations that support claims based on violations of equal protection or due process. Therefore, these claims against the defendants are dismissed. Rayford may file an amended complaint with allegations that would state such claims, if he truthfully can do so.

## CONCLUSION

For the foregoing reasons, the Court orders as follows:

1. The complaint appears to state a cognizable Eighth Amendment excessive force claim and cognizable First Amendment retaliation claims against Blair, Espinosa and Munoz.

2. The complaint does not state cognizable claims based on the violation of equal protection or due process rights. These claims are dismissed with leave to amend.

3. Rayford may, but is not required to, file a first amended complaint ("FAC") remedying the deficiencies noted above regarding the due process and equal protection claims. If he so chooses, he must include factual allegations describing the specific conduct of each defendant that violated these constitutional rights.

4. If Rayford wishes to file a FAC, he must do so within twenty-eight days from the date of this Order. The FAC must include the caption and civil case number used in this Order and the

1 words FIRST AMENDED COMPLAINT on the first page.  Because an amended complaint completely replaces the original complaint, Rayford must include in it all the allegations he wishes to present.  *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992).  He may not incorporate material from the original complaint by reference.  Failure to amend within the designated time will result in the dismissal with prejudice of the claims that are dismissed in this Order with leave to amend.  The Court will order service of Rayford's cognizable Eighth and First Amendment claims when it reviews his FAC, if he chooses to file one, or after the the twenty-eight days have passed and Rayford has not filed an FAC.

5. It is Plaintiff's responsibility to prosecute this case.  Plaintiff must keep the Court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address," and must comply with the Court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

6. Extensions of time are not favored, though reasonable extensions will be granted.  Any motion for an extension of time must be filed no later than ten days prior to the deadline sought to be extended.

7. The Clerk of the Court shall send Rayford a blank civil rights complaint form.

**IT IS SO ORDERED**.

Dated: January 2, 2015

VINCE CHHABRIA
United States District Judge