1

2

3

4                           UNITED STATES DISTRICT COURT

5                         NORTHERN DISTRICT OF CALIFORNIA

6

7    RAPHAEL GEORGE RAYFORD,                    Case No.  14-cv-03660-VC  (PR)

          Plaintiff,
8                                               **ORDER SERVING TWO COGNIZABLE
                                                CLAIMS**
9        v.

10   W. BLAIR, et al.,

          Defendants.
11

12

13          Raphael George Rayford, an inmate at Salinas Valley State Prison proceeding *pro se*, filed

14   a civil rights complaint pursuant to 42 U.S.C. § 1983 against officers of the prison.  On January 2,

15   2015, the Court issued an order recognizing as cognizable an Eighth Amendment excessive force

16   claim and a First Amendment retaliation claim against Correctional Officers W. Blair, M.

17   Espinosa and E. Munoz.  The Court granted Rayford twenty-eight days in which to file an

18   amended complaint to cure deficiencies in two claims that were not cognizable.  The Court stated

19   that if Rayford did not file an amended complaint within the designated time, the non-cognizable

20   claims would be dismissed with prejudice and the two cognizable claims would be served on the

21   defendants.  More than twenty-eight days have passed and Rayford has not filed an amended

22   complaint.

23          Based on the foregoing, the Court orders as follows:

24          1. The claims the Court found to be non-cognizable are dismissed with prejudice.

25          2. The Clerk of the Court shall mail a Notice of Lawsuit and Request for Waiver of Service

26   of Summons, two copies of the Waiver of Service of Summons, a copy of the complaint (docket

27   no. 1) and all attachments thereto and a copy of this Order to Blair, Espinosa and Munoz at Salinas

28   Valley.  The Clerk shall also mail a courtesy copy of the complaint with all attachments and a

1   copy of this Order to the State Attorney General's Office in San Francisco, and a copy of this

2   Order to Rayford.

3          3.  Defendants are cautioned that Rule 4 of the Federal Rules of Civil Procedure requires

4   them to cooperate in saving unnecessary costs of service of the summons and the complaint.

5   Pursuant to Rule 4, if Defendants, after being notified of this action and asked by the Court, on

6   behalf of Rayford, to waive service of the summons, fail to do so, they will be required to bear the

7   cost of such service unless good cause be shown for their failure to sign and return the waiver

8   forms.  If service is waived, this action will proceed as if Defendants had been served on the date

9   that the waiver is filed, except that pursuant to Rule 12(a)(1)(A)(ii), Defendants will not be

10  required to serve and file an answer or other responsive pleading before sixty days from the date

11  on which the request for waiver was sent.  (This allows a longer time to respond than would be

12  required if formal service of summons is necessary.)

13         Defendants are advised to read the statement set forth at the foot of the waiver form that

14  more completely describes the duties of the parties with regard to waiver of service of the

15  summons.  If service is waived after the date provided in the Notice but before Defendants have

16  been personally served, the answer shall be due sixty days from the date on which the request for

17  waiver was sent or twenty days from the date the waiver form is filed, whichever is later.

18         4.  The following briefing schedule shall govern dispositive motions in this action:

19              a.  No later than thirty days from the date the answer is due, Defendants shall file a

20  motion for summary judgment or other dispositive motion.  If Defendants file a motion for

21  summary judgment, it shall be supported by adequate factual documentation and shall conform in

22  all respects to Federal Rule of Civil Procedure 56.  If Defendants are of the opinion that this case

23  cannot be resolved by summary judgment, they shall so inform the Court prior to the date the

24  summary judgment motion is due.  All papers filed with the Court shall be promptly served on

25  Rayford.

26         At the time of filing the motion for summary judgment or other dispositive motion,

27  Defendants shall comply with the Ninth Circuit's decision in *Woods v. Carey*, 684 F.3d 934 (9th

28  Cir. 2012), and provide Rayford with notice of what is required of him to oppose a summary

United States District Court
Northern District of California

2

1    judgment motion.

2          b.  Rayford's opposition to the motion for summary judgment or other dispositive

3    motion shall be filed with the Court and served on Defendants no later than twenty-eight days

4    after the date on which Defendants' motion is filed.

5          Before filing his opposition, Rayford is advised to read the notice that will be provided to

6    him by Defendants when the motion is filed, and Rule 56 of the Federal Rules of Civil Procedure

7    and *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986) (party opposing summary judgment must come

8    forward with evidence showing triable issues of material fact on every essential element of his

9    claim).  Rayford is cautioned that because he bears the burden of proving his allegations in this

10   case, he must be prepared to produce evidence in support of those allegations when he files his

11   opposition to Defendants' summary judgment motion.  Such evidence may include sworn

12   declarations from himself and other witnesses, and copies of documents authenticated by sworn

13   declaration.  Rayford will not be able to avoid summary judgment simply by repeating the

14   allegations of his complaint.

15          c.  Defendants shall file a reply brief no later than fourteen days after the date

16   Rayford's opposition is filed.

17          d.  The motion shall be deemed submitted as of the date the reply brief is due.  No

18   hearing will be held on the motion unless the Court so orders at a later date.

19          5.  Discovery may be taken in this action in accordance with the Federal Rules of Civil

20   Procedure.  No further court order pursuant to Rule 30(a)(2) is required before the parties may

21   conduct discovery.

22          6.  All communications by Rayford with the Court must be served on Defendants, or

23   Defendants' counsel once counsel has been designated, by mailing a true copy of the document to

24   Defendants or counsel.

25          7.  It is Rayford's responsibility to prosecute this case.  Rayford must keep the Court

26   informed of any change of address by filing a separate paper with the clerk headed "Notice of

27   Change of Address," and must comply with the Court's orders in a timely fashion.  Failure to do so

28   may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil

United States District Court
Northern District of California

3

Procedure 41(b).

8. Extensions of time are not favored, though reasonable extensions will be granted. Any motion for an extension of time must be filed no later than <u>fourteen</u> days prior to the deadline sought to be extended.

**IT IS SO ORDERED**.

Dated: March 26, 2015

_____
VINCE CHHABRIA
United States District Judge

United States District Court
Northern District of California

4